YAZOO & M. V. R. Co. *v.* M. LEVY & SONS.*

(Division A.   June 13, 1927.)

[113 So. 325.   No. 26117.]

1. APPEAL AND ERROR. *Pleadings and replications already in supreme court on first appeal should be omitted from record on subsequent appeal (Hemingway's Code, section 56).*

   Under Code 1906, section 76 (Hemingway's Code, section 56), on appeal after remand by supreme court on former appeal, all pleadings and replications which were already in supreme court in transcripts of first appeal should be omitted from record, particularly those which were not pertinent on second appeal.

2. APPEAL AND ERROR. *Commissions, notices, and certificates to take depositions should be omitted from record (supreme court rule 2).*

   Under supreme court rule 2, commissions, notices, and certificates to take depositions should be omitted from record on appeal.

3. COSTS. *Appellee on reversal will not be taxed with costs of duplicate stenographer's transcript caused to be sent up by appellant.*

   Where appellant procured clerk to do unnecessary work in duplicating stenographer's notes taken on the trial, appellee on reversal will not be required to pay costs of such duplicate transcript.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 141, n. 2; p. 437, n. 84; Costs, 15CJ, p. 265, n. 74; p. 266, n. 77.

APPEAL from circuit court of Leflore county.
-HON. S. F. DAVIS, Judge.
On motion to retax costs.  Motion sustained in part.
For former opinion, see — Miss. —, 112 So. 786.  See, also, 141 Miss. 196, 106 So. 524.

*Gardner, Odom & Gardner,* and *Chas. N. Burch, H. D. Minor* and *Clinton H. McKay,* for appellant.

*A. A. Armistead,* for appellees.

McGowen, J., delivered the opinion of the court. ·

This is a motion by appellee to retax the costs herein, because of unnecessary matter sent up in the record by the clerk of the lower court. First. Appellee complains that the record embraced copies of pleadings that were unnecessary in view of the decision of the court in this case on a former appeal, reported in 141 Miss. 199, 106 So. 525, which left, as the only issue in the case, the value of the cotton on the date it should have reached its destination. Second. · Appellee complains of notices to take depositions, commissions to take depositions and certificates thereto being incorporated in the record. Third. Appellee complains that the stenographer's notes are certified here, and, in addition thereto, a special bill of exceptions containing the stenographer's notes reported *verbatim* is contained in the record. Fourth. Complaint is made by appellee because of the filing of an excessive number of briefs by appellant.

Section 76, Code of 1906 (section 56, Hemingway's Code), is as follows:

"If a case be remanded by the supreme court to the court below, and afterward an appeal be taken in the same case to the supreme court, it shall not be necessary for the appellant to cause to be filed in the supreme court a transcript of so much of the record as may be already on file in said court, but the transcript previously sent up, together with a transcript of the subsequent proceedings in the case in the court below, shall constitute the record for the case in the supreme court; and, in such case, if the appellant shall, in his application for appeal, signify his desire for the clerk to make out and certify only a transcript of such subsequent proceedings, the clerk shall act accordingly."

Appellant made no written request to the clerk below to make out and certify only the subsequent proceedings;

and it appears that much of the pleadings had no bearing on the merits of the controversy, and served no purpose in the determination of this, the second appeal. In the former opinion on first appeal, the court having held the defendant, the Yazoo & Mississippi Valley Railroad Company, liable, and having remanded the case for another trial as to the value of the cotton destroyed by fire, all the pleadings and replications as to the cotton being gin-fired were not pertinent on the second appeal, and, consequently were already here in the transcripts of the first appeal; consequently the appellant should have requested the clerk not to recopy this part of the record.

Second. We find in the record commissions, notices, and certificates to take deposition, all of which were properly introduced in evidence as a part of the deposition, but wholly unnecessary and improper to embrace in the record for this court under rule 2 of the court. Said rule should be observed by clerks and appellants, and, by way of emphasis, we set it out here in extenso:

"Rule 2.—*Transcript—What to Contain.*—A transcript shall not contain any part of the case except the pleadings, evidence, instructions, bills of exceptions and the order, judgment or decree appealed from, unless the appellant shall, by writing, request other matters specified to be embraced in the transcript, a copy of which request shall be annexed to the transcript; and exhibits to declarations, bills, answers, depositions, shall immediately follow the particular plea or deposition, first referring to them, and shall be copied but once. The several answers of witnesses as made in depositions shall each follow consecutively the particular interrogatory to which they are responsive; and no commission to examine a witness, nor certificate of a commissioner to a deposition, nor any proceedings to obtain such commission shall be inserted in any transcript, except where a question as to the sufficiency or legality thereof appears from the record to have been decided; and no fee shall

be allowed for anything besides those matters required to be embraced in the transcript.''

Third. The bill of exceptions containing a duplicate of the stenographer's transcript of evidence taken in this case is in the record here, and with which appellee is charged, unless the motion to retax the costs be sustained.

This record discloses that the regular transcript of the stenographer's notes taken on the trial is also in the record, thus filing 263 pages of duplicated matter in this court, wholly unnecessary, and a needless cost to the litigant.

This bill of exceptions was filed with the clerk on affidavit of counsel for appellant, together with the order of the judge of the circuit court declining to certify it as the record because counsel for appellant feared the stenographer's notes would not be filed in time, and in accordance with the law and rules of this court.

We think the clerk below was confronted with this bill of exceptions filed by counsel for appellant, and is not to be blamed for sending it up as a part of this record; but appellant procured the clerk to do this unnecessary work in his desire not to afford counsel on the opposite side an opportunity to have the case dismissed for want of a record. His fear was groundless and certainly appellee should not pay this cost.

Fourth. We do not believe there was an excessive number of briefs filed in this case.

On this motion, under the rule of this court and statute cited, we think the appellant should have requested the clerk below not to transcribe and send up the parts of the record indicated above; and we think it is just and fair that the amount of one hundred fourteen dollars and forty cents be taxed against the appellant, which amount of one hundred fourteen dollars and forty cents the clerk is directed to tax as costs against the appellant, the Yazoo & Mississippi Valley Railroad Company, and the bal-

ance of the costs is to be taxed against the 'appellee; and to this extent the motion is sustained.

We call attention to the fact that on page 622, the last page of the record, the clerk of the court below adds the total cost as two hundred eighty-six dollars and forty-four cents when it should be two hundred forty-six dollars and forty-four cents.

*Motion to retax costs sustained in part.*